Rockingham, }
June 10, 1910. }

### FITTS, *Ex'r*, *v.* FREE BAPTIST SOCIETY *& a.*

BILL IN EQUITY, asking for a construction of the residuary clause of the will of Nancie M. Smith and for instructions. Transferred from the October term, 1909, of the superior court by *Plummer*, J.

Jonathan Martin, late of Candia, died May 1, 1887. The second clause of his will is as follows: "I give and bequeath to my only child, Nancie M. Smith, six thousand dollars in money besides all my wife's clothing and household furniture. What money she does not need for her and her husband's support, my advice is that it be devoted to benevolent objects." In the residuary clause he provided as follows: "I give, bequeath, and devise to my daughter, Nancie M. Smith, and her husband, Joseph C. Smith, all my real estate, also my stock, farming and mechanics' utensils, carriages and produce, wherever found and however situated, to have and to hold forever, and it is my wish and advice that they may be guided to make a right disposition of what they do not need; for I think I am giving them more than they will need, but not knowing I leave at their discretion to do as they think just. The above is to include all my estate whatsoever."

Nancie M. Smith died October 20, 1904. The residuary clause of her will is as follows: "I do give, bequeath, and devise to my husband, Joseph C. Smith, all the residue and remainder of my estate, in trust, to use for himself or for benevolent purposes, according to the wishes of my father, Jonathan Martin, as expressed in his will, with the right to sell and convey the whole property, and to use and expend so much of the same as may be necessary for his comfort and convenience."

Joseph C. Smith died November 1, 1907. His will provided as follows: "I do give and bequeath to the Free Baptist Society in Candia the sum of five hundred dollars, in trust, the income of the same to be used for the support of preaching and for no other purpose whatever. Lastly, as to the rest, residue, and remainder of my estate, real, personal, and mixed, wherever found and however situated, I do give, bequeath, and devise the same to the Freewill Baptist Foreign Missionary Society, to the Freewill Baptist Home Missionary Society, to the American Tract Society, and to the American Bible Society, to be equally divided between them, after the decease of my wife."

The prayer of the bill requests answers to the following questions: (1) Did Joseph C. Smith take an absolute estate in the whole of said rest and residue, notwithstanding the words

" in trust" inserted therein? Or (2) did Joseph C. Smith take a life estate only in said rest and residue, leaving what he did not use and expend for his comfort and convenience undisposed of? Or (3) did Joseph C. Smith receive said rest and residue in trust to use and expend so much thereof as he needed for his comfort and convenience, with the power to dispose by will of what remained unexpended, expressed with sufficient definiteness and certainty so that the plaintiff may pay over to said societies the legacies given them in the will of Joseph C. Smith?

*Thomas Leavitt*, for the plaintiff.

*Joseph S. Matthews*, for the state.

*Eastman, Scammon & Gardner*, for the American Bible Society.

BINGHAM, J. The executor is advised that Joseph C. Smith took the property bequeathed and devised under the residuary clause of Nancie's will in trust, with power to sell and convey the same and to use the proceeds for himself if his comfort or convenience required, or for benevolent purposes, if he so desired, during his lifetime, with power to dispose by will of what remained, and that he exercised the power in the residuary clause of his will by designating the benevolent societies to which it should go.

*Case discharged.*

All concurred.